IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| AUSTIN B. IRELAND, | ) Case No.: _____ |
|       Plaintiff, | ) |
| | ) **COMPLAINT AND JURY DEMAND** |
| vs. | ) |
| DAKOTA, MINNESOTA & EASTERN RAILROAD CORP., d/b/a CANADIAN PACIFIC RAILWAY COMPANY, | ) |
|       Defendant. | ) |

Comes now the plaintiff, Austin Ireland, and for his cause of action against Defendant, Dakota, Minnesota & Eastern Railway Corp., d/b/a Canadian Pacific Railway ("DM&E"), states and alleges as follows:

1. The jurisdiction and venue of the above-named Court is based upon specific jurisdiction and 45 U.S.C. § 56.

2. Plaintiff brings his claim under and pursuant to the terms of the Federal Employers' Liability Act, 45 U.S.C. §§51-62.

3. At all times material herein, Defendant, DM&E, owned and operated railroad tracks in the County of Livingston, State of Missouri, and was and is engaged as a common carrier in interstate commerce among several states, including Missouri.

4. At all times material herein, Plaintiff was employed by, and within the course and scope of his employment with, Defendant.

5. At the time of the occurrence of the incident herein, all of Plaintiff's duties were

1

in the furtherance of Defendant's business in interstate commerce.

6. Plaintiff is an adult male.

7. On the afternoon of May 29, 2019, Plaintiff was working for Defendant as a structures foreman, and was assigned to direct a CM&E coworker who was operating a hi-rail roto dump truck to dump ballast along Defendant's track near Milepost 425 on the Kansas City Sub (south of Chillicothe, Missouri).

8. 45 U.S.C. § 51 states:

> Every common carrier by railroad…shall be liable in damages to any person suffering injury while he is employed by such carrier…for such injury…resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier….

9. After dumping ballast at one location and before moving to the next location, the operator of the roto dump truck failed to remove the clamps that clamp to the rail, which stabilize the hi-rail roto dump truck while it dumps to one side of the track or the other.

10. As a result, as the truck was moving to the next spot to dump ballast, the rear portion of the hi-rail roto dump truck was caused to derail, and, in addition, damage the rear portion of the hi-rail equipment.[1]

11. In the process of attempting to re-rail the hi-rail roto dump truck, several supervisors and managers arrived.

12. After several attempts to re-rail the truck, it was decided to position a large track hoe (operated by a DM&E coworker) behind the truck. The effort consisted of using the bucket

---

[1] Hi-rail equipment is equipment that is attached to a truck that is driven on the highway to permit it to be driven on railroad tracks. The hi-rail attachment permits the rubber tires to run on the top of the rail while metal wheels located on the hi-rail equipment adjacent to the rail keep the hi-rail vehicle on the track.

of the track hoe to attempt to lift the rear of the truck up to place it back on the rails. Because of the weight of the truck and the size of the track hoe, this was not possible.

13. It was then decided to invert the bucket on the track hoe, with the teeth facing up rather than down, placing the teeth of the bucket under the back of the truck and using the ground as leverage while lifting the bucket, lift the back of the truck.

14. The teeth of the bucket were positioned on the pintle hitch of the truck.

15. After the truck was lifted some distance, Plaintiff was instructed to position himself in a location so that he could put a bolt in place to reattach the hi-rail mechanism as the track hoe lowered the truck into a position where the bolt holes lined up.

16. As the track hoe operator began to lower the truck, the truck slid off the teeth of the bucket, striking Plaintiff on his hard hat, causing Plaintiff the injuries hereinafter enumerated.

17. At all times pertinent, Defendant had the duty to exercise ordinary care to provide Plaintiff a reasonably safe place to work, in among other ways:

> (a) the duty to remove the clamps on the hi-rail roto dump truck before moving it;
>
> (b) the duty to implement, enforce, and oversee reasonably safe methods and procedures for the performance of the work;
>
> (c) the duty to provide Plaintiff adequate assistance, human and mechanical, to complete the work.

18. At all times pertinent, Defendant, through its agents, servants, and employees other than Plaintiff, negligently breached the aforesaid duties.

19. The injuries and damages sustained by Plaintiff were caused or contributed to by the negligence of Defendant in violation of the Federal Employers' Liability Act, 45 U.S.C. §51.

20. As a result of Defendant's negligent breach of its duties under the Federal Employers' Liability Act, 45 U.S.C. §51, Plaintiff was caused to suffer the following injuries:

    (a)    closed compression fracture of second lumbar vertebra,
    (b)    bulging lumbar disc at L4-5,
    (c)    traumatically induced lumbar disc syndrome with radiculopathy,
    (d)    traumatically induced cervical disc syndrome.

21. Despite extensive conservative treatment including rest, medication, physical therapy and injections, Plaintiff's symptoms continue, resulting in his having been medically disqualified from performing his job as structures foreman for Defendant, or any other similarly demanding work for Defendant.

22. As a result of Defendant's negligence, Plaintiff has suffered mental and physical pain and suffering in the past, and will suffer mental and physical pain and suffering in the future.

23. As a result of Defendant's negligence, Plaintiff has incurred expenses for medical treatment, and will incur further medical expenses in the future.

24. As a result of Defendant's negligence, Plaintiff has suffered loss of earnings and impairment of future earning capacity.

25. As a result of Defendant's negligence, Plaintiff has suffered an impairment of his ability to enjoy life, past and future.

WHEREFORE, Plaintiff prays judgment against Defendant, DM&E, for recovery of reasonable damages in an amount sufficient to compensate Plaintiff fully for the injuries, losses and damages, together with interest from the date of judgment, and his costs.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted this 16th day of April, 2021.

                                            HUBBARD AND KURTZ, L.L.P.

                                            /s/ John W. Kurtz
                                            John W. Kurtz
                                            Mo. No. 25659
                                            Hubbard & Kurtz, L.L.P.
                                            1718 Walnut
                                            Kansas City, MO 64108
                                            (816) 472-4673
                                            (816) 472-5464 fax
                                            jkurtz@mokanlaw.com

                                            *Attorney for Plaintiff, Austin B. Ireland*

<u>Plaintiff's Address:</u>
20016 LIV 435
Dawn, MO 64638